UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE


| | |
|---|---|
| HENDERSON DUKES | ) |
| | ) |
| v. | ) NO. 2:11-CV-172 |
| | ) |
| DAVID TANKERSLEY, P.P.O., | ) |
| and SUSANE ELEASE, P.P.M. | ) |

## MEMORANDUM & ORDER

This *pro se* prisoner brings this civil rights complaint under 42 U.S.C. § 1983, asserting that his constitutional rights were violated by defendants David Tankersley and Susane Elease, two Tennessee probation officers. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). Payments should be sent to Clerk, United States District Court; 220 W. Depot Street, Suite 200; Greeneville, Tennessee 37743.

To ensure compliance with the fee collection procedures outlined above, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate trust accounts at the facility wherein plaintiff is confined.

## I. Screening

A federal court presented with a prisoner's civil complaint, which is filed *in forma pauperis*, must screen it and must dismiss the case if it is frivolous or malicious, if it fails to state a claim for relief, or if a plaintiff seeks monetary relief from defendant officials who are immune from suit. *See* 28 U.S.C. § 1915A. Moreover, *pro se* pleadings are to be generously construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court examines the complaint in light of those requirements.

## II. Plaintiff's Allegations

Plaintiff alleges that, on May 3, 2010, he was released from confinement by the Tennessee Department of Correction and that the sentence of six years he was serving was deemed to be expired. However, on August 18, 2010, he was arrested on charges of violation of probation. Those charges, he complains, were and are false. Plaintiff argues that since he signed paperwork when he was released on parole which indicated that his sentence had expired and that since a TDOC representative witnessed plaintiff's signature, this shows that he is falsely imprisoned. For the alleged infringement of his rights, plaintiff seeks monetary damages and injunctive relief, including the removal from his record of all references to a violation of probation in case number s50649 and an apology from defendant probation officers for this mishap.

## III. Discussion

As an initial matter, plaintiff's allegations regarding his illegal detention relate directly to the fact and duration of his physical confinement, and thus his sole federal remedy in that regard is to seek a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Given the liberal standard of review for *pro se* complaints, this Court could convert plaintiff's § 1983 complaint to

2

a habeas petition. *Haines v. Kerner*, 404 U.S. 519 (1972). However, a great deal of information is required for a habeas petition which is not supplied in a § 1983 complaint. *See* Rules Governing Section 2254 Cases in the United States District Courts. It also does not appear, on the face of the complaint, that plaintiff has sought any state court remedies whatsoever with regard to his claims that the probation-violation charges were false and that they should be deleted from his records. This is significant because it is well-settled law that a state prisoner must completely exhaust all his federal claims by fully and fairly presenting them to the state court before seeking federal habeas corpus relief. *Rose v. Lundy*, 455 U.S. 509 (1982). Moreover, in an action for damages, if a judgment in favor of a plaintiff would necessarily imply the invalidity of his state court conviction or sentence, his § 1983 complaint must be dismissed, unless he can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In other words, "no cause of action exists unless a conviction has been legally eliminated." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).

In this case, affording plaintiff the monetary relief he has requested (i.e., $1,200 per day from August 18, 2010 to September 19, 2010) would require a finding that he has been unconstitutionally restrained of his liberty. Clearly, such a finding would call the validity of his sentence into question. Where, as here, a plaintiff does not allege that his conviction or sentence has been legally eliminated—and indeed, it could not have been since plaintiff seeks the removal of any reference to probation violations, he has suffered no cognizable injury at this time and his § 1983 claim for damages fails to state a claim.

In light of the foregoing, the plaintiff's claims challenging his confinement and seeking damages for his alleged false imprisonment are **DISMISSED** without prejudice to his right to raise them respectively in a petition for habeas corpus relief after he exhausts his state remedies or in a

civil rights action after his conviction has been legally eliminated.

But even if plaintiff's claim for damages could proceed, the named defendants would not be liable for the asserted wrongful conduct. This is so because the doctrine of immunity applies and entitles these defendants to "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The specific type of immunity which defendants enjoy is quasi-judicial immunity. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).

Under Sixth Circuit case law, a probation officer performing duties to ensure that an individual "is complying with the terms of probation . . .[is] performing a quasi-judicial function . . .[and is entitled] to quasi-judicial immunity." *Balas v. Leishman–Donaldson*, No. 91–4073, 1992 WL 217735 at *5 (6th Cir. Sept.9, 1992) (unpublished decision). *See also Loggins v. Franklin County, Ohio*, 218 F. App'x 466, 476 (6th Cir. March 1, 2007) ("The Court agrees with the reasoning of the *Balas* opinion."). Thus, even if *Heck* did not bar this suit for damages, defendants would be immune from it.

### IV. Conclusion

The Court **FINDS**, for the above reasons, that defendants are immune from this lawsuit and, on that basis, this case will be **DISMISSED**.

A separate order will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4

Case 2:11-cv-00172-JRG-DHI   Document 6   Filed 02/07/12   Page 4 of 4   PageID #: 20